UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC A. SHARP,

           Petitioner,

V.

UNITED STATES ARMY,

           Respondent.

**REPORT AND RECOMMENDATION**

04-CV-1070
(LEK/VEB)

---

## I. INTRODUCTION

Petitioner Eric A. Sharp, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is currently on parole until May 2012. In 1997, he was convicted in a military court of Wrongful Distribution of Cocaine and Wrongful Possession of Cocaine with Intent to Distribute in violation of the Uniform Code of Military Justice and was sentenced to a term of imprisonment, reduction to the grade of Private, and a dishonorable discharge. Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 18).

## II. BACKGROUND

**A.    Facts**

On January 14, 1997, a member of the Fort Drum Drug Suppression Team ("DST")

in Watertown, New York, received information from the New York State Police ("NYSP") that Petitioner, a sergeant in the United States Army was selling crack cocaine. (Docket No. 15, Exhibit No. 1, Attachment 3).  The information came from a NYSP source who made previous purchases from Petitioner. (Id.).

On January 17, 1997, members of the Fort Drum DST, the NYSP, and the Jefferson County Drug Task Force ("JCDTF") went to the source's home in Watertown, New York while Investigator Tiffanney Perduto made a controlled purchase[1] from Petitioner. (Id.).  A second controlled purchase took place at the source's home on January 23, 1997 with Investigator Perduto, and Petitioner was observed and photographed at the home. (Id.). A third controlled purchase was arranged for February 4, 1997. (Id.).  Petitioner was to meet Investigator Perduto in a parking lot behind a restaurant in Watertown.  (Id. at Attachment 2).  Investigator Perduto experienced car problems and no sale was made, however, Petitioner was arrested on the basis of the two previous sales and his car was searched and crack cocaine was found.  (Id. at Attachment 3).   Petitioner was thereafter transported to the County Jail and was processed and made verbal statements of an incriminating nature.  (Id.).

### B.  Military Court Martial Proceedings

Colonel Paul L. Johnston and Lieutenant Colonel Donna Wilkins, military judges, presided, through different sessions, over Petitioner's court martial proceedings.  The trial

---

[1] A "controlled purchase" is the purchase of illegal narcotics under police supervision.  The spelling of the investigator's first name is taken from a trial transcript provided by Respondent.  (Attachment 38, at p. 14).

began on July 30, 1997 and was continued on August 28, September 22, and November 17-18, 1997.[2] Petitioner was found guilty by a panel of officers and enlisted members of Wrongful Distribution of a Controlled Substance (two specifications[3]) and Wrongful Possession of a Controlled Substance with Intent to Distribute in violation of article 112a of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 912a. (Id. at Exhibit 2-3, Attachment 5).

Petitioner was sentenced to twenty (20) years confinement, total forfeiture of all pay and allowances, reduction to the lowest enlisted grade of Private (E-1), and a dishonorable discharge. (Id.).

## C. State Appellate Proceedings

On February 22, 2000, Petitioner, represented by Kirsten Brunson and Jimmonique Simpson of the Judge Advocate Division, appealed his conviction to the Army Court of Criminal Appeals ("ACCA"). (Id.). Petitioner asserted six arguments before the ACCA: (1) that his sentence was disproportionate to the offenses committed; (2) that the military judge erred in instructing the jury panel; (3) that the delay in completing the trial record and failure to transcribe the record in a timely fashion prejudiced him; (4) that the staff judge advocate committed misconduct; (5) that his conviction should be set aside because of witness perjury; and (6) that his conviction should be set aside as the result of the trial court's

---

[2]The record provided to this Court indicates that Colonel Johnson presided over the initial proceedings, with Lt. Col. Wilkins being the military judge who presided over the majority of Petitioner's court marital proceedings. However, the record before this Court is not specific as to the dates of service of each of the military judges.

[3]"Specification" appears to be the equivalent of a "count" in an indictment.

3

improper receipt of certain evidence. (Id.).

On April 16, 2001, the ACCA affirmed Petitioner's conviction, and found most of his claims to be without merit, but reduced his confinement by five years on the ground that the twenty year sentence was too severe. (Id. at Exhibit 16, Attachment 30).

Thereafter, Petitioner filed various motions and appealed to the United States Court of Appeals for the Armed Forces ("CAAF"). On October 16, 2001, the CAAF denied Petitioner permission to appeal his conviction any further and the conviction became final. (Id. at Exhibit 22, Attachment 36).

**D.   Federal Habeas Corpus Proceedings**

Petitioner, proceeding *pro se*, commenced this action on September 14, 2004, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Georgia. (Docket No. 1). The case was thereafter transferred to the Northern District of New York by Order of the Honorable Richard L. Hodge, United States Magistrate Judge for the Middle District of Georgia. (Docket No. 4).

In his Petition, Petitioner asserts four grounds for habeas relief: (1) that he was arrested without probable cause; (2) that the arresting officer committed perjury; (3) that evidence was used against him in violation of a sealing order; and (4) that he did not receive effective assistance of trial counsel.

Thereafter, Respondent filed submissions in opposition. (Docket No. 15). On May 23, 2005, Petitioner filed a Traverse in response to Respondent's submissions. (Docket No.

16).  For the reasons that follow, the Petition should be DENIED.

## III. DISCUSSION

**A.     Legal Standard**

Although defendants convicted by military tribunals may petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, habeas review of such convictions is "circumscribed." Able v. United States, 155 F.3d 628, 633 (2d Cir. 1998).  As the Second Circuit has noted, "[b]efore a military tribunal, a defendant's constitutional rights are diminished." Id. "Justice is afforded on different terms than is found in civilian life because the military is a 'specialized community governed by separate discipline." Id. (quoting Parker v. Levy, 417 U.S. 733, 744 (1974).

In Burns v. Wilson, 346 U.S. 137(1953), a plurality of the United States Supreme Court concluded that federal civilian courts have limited authority to review court-marital proceedings conducted by military tribunals.  The plurality held that "[i]t is the limited function of the civil courts to determine whether the military have given fair consideration" to the petitioner's claims. Id. at 144.

Courts following Burns have generally held that "[w]hen a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determination." Schneider v. Tillery, 998 F. Supp. 1210, 1212 (D. Kansas 1998); United States ex rel New v. Rumsfeld, 448 F.3d 403, 408 (D.D.C. 2006) (holding that errors in the court-marital proceedings must be "fundamental" to void the conviction on habeas review).

The jurisprudence in this area has been largely developed by the United States Court of Appeals for the Tenth Circuit, because the United States Disciplinary Barracks at Fort Leavenworth, Kansas is located within that court's jurisdiction.

In Dodson v. Zelez, 917 F.2d 1250 (10th Cir. 1990), the court held that the following four factors should be considered with respect to habeas review of a military conviction: (1) whether the asserted error was of substantial constitutional dimension, (2) whether the issue is one of law rather than of disputed fact already determined by the military tribunals, (3) whether military considerations may warrant different treatment of the constitutional claims at issue, and (4) whether the military courts gave adequate consideration to the issues involved and applied proper legal standards. Id. at 1252-53.

In Lips v. Commandant, U.S. Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993), the court indicated that the fourth factor was the most critical. Id. ("Under Burns, if the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied. Only when the military has not given a petitioner's claims full and fair consideration does the scope of review by the federal civil court expand.").

While Lips and other decisions are not binding as precedent in the Second Circuit, in the absence of controlling Second Circuit case law, this Court finds the Tenth Circuit authority persuasive and applicable to the case at bar, a course adopted by other district courts located outside of the Tenth Circuit. See, e.g., Romey v. Vanyur, 9 F. Supp. 2d 565, 569 (E.D.N.C. 1998) (applying Lips standard); Jordan v. Warden, USP Lewisburg, No. CV-97-0465, 1998 WL 614694, at *2 (M.D. Pa. Aug. 31, 1998) (same).

**B.     Petitioner's Claims**

As noted above, Petitioner asserts four claims in support of his request for habeas relief: (1) that he was arrested without probable cause; (2) that the arresting officer committed perjury; (3) that evidence was used against him in violation of a sealing order; and (4) that he did not receive effective assistance of trial counsel.  This Court will address each claim in turn.

       **1.     Arrest without Probable Cause**

Petitioner was arrested after his vehicle was stopped by the Watertown Police Department.  The vehicle was thereafter searched, crack cocaine was discovered in the vehicle, and Petitioner was taken into custody.  In his first claim for relief, Petitioner contends that the seizure was not supported by probable cause, as required under the Fourth Amendment.

However, this argument was presented to the military courts.  To wit, Petitioner's defense counsel raised the issue of probable cause in a suppression motion.  (Attachment 2).  The prosecution responded in opposition to the motion.  (Attachments 3 & 4).  The military judge heard oral argument and testimony regarding the probable cause supporting the arrest, considered the matter, and denied the motion, finding that the arrest was supported by probable cause. (Attachment 38). The issue was also presented on appeal to ACCA and CAAF (Attachments 6, 15, 17, 25, and 26), both of which declined to reverse the military judge's determination (Attachments 30, 36).

Based upon the foregoing, the record clearly establishes that the probable cause

issue was given "full and fair consideration" by the military.  See Romey, 9 F. Supp. 2d at 569 ("If an issue is briefed and argued before a military board of review, it has been given fair consideration, even if the military court summarily denies it."); Schneider v. Tillery, 998 F. Supp. 1210, 1213 (D. Kansas 1998) ("Finally, if an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration.").

Moreover, this Court notes that Fourth Amendment claims are generally not subject to habeas review where, as here, the petitioner has been given a full and fair opportunity to litigate the claim at trial and on direct appeal.  Stone v. Powell, 428 U.S. 465, 482 (1976); Capellan v. Riley, 975 F.2d 67, 69-71 (2d Cir. 1992).

Accordingly, Petitioner's claim for relief based upon the alleged violation of his Fourth Amendment rights must be denied.

### 2.    Perjury Claim

In his second claim, Petitioner alleges that testimony provided by two prosecution witnesses was knowingly and willfully false. Specifically, Petitioner claims that the witnesses in question offered perjured testimony regarding the identification of a photograph of Petitioner's brother.[4]  The alleged perjury was raised before the military courts, who declined to grant Petitioner relief.  (Attachments 5, 6, 18, 30, 36).  As such, this Court finds that habeas relief must be denied because the issue was given "full and fair consideration" by

---

[4] This testimony was relevant to the issue of identity, *i.e.*, whether Petitioner or his brother participated in the "controlled purchases" of crack cocaine from the law enforcement officials.  Petitioner's primary defense was that he had been mistaken for his brother, a person with mild mental retardation.

the military courts.  See Romey, 9 F. Supp. 2d at 569; Fernandez v. Nickels, 106 F.Supp. 2d 1214, 1216 (D. Kan. 2000) ("If an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration.").

Moreover, Petitioner's allegations regarding the purported perjury are insufficient to establish by a preponderance of the evidence that the witnesses committed perjury or that the prosecution either knew or should have known of the alleged perjury.  See Anekwe v. Phillips, 05-CV-2184, 2007 WL 1592973, at *6 (E.D.N.Y. May 31, 2007) (habeas petitioner has initial "burden of demonstrating, by a preponderance of evidence, that the witness committed perjury, and, in determining whether perjury occurred, a court must 'weigh all the evidence of perjury before it.'" (quoting Ortega v. Duncan, 333 F.3d 102, 106-07 (2d Cir.2003)); Richardson v. Artuz, No. 97 CV 2128, 2004 WL 556688, at *20 (E.D.N.Y. Mar. 22, 2004) (holding that habeas relief based upon alleged perjury requires proof that prosecution either knew or should have known that testimony was false).

As such, this Court finds that Petitioner's claim for relief based upon alleged perjury should be DENIED.

### 3. Alleged Violation of Sealing Order

In his third claim, Petitioner asserts that the prosecution improperly proceeded in violation of a state court order sealing the case, in violation of New York Criminal Procedure Law § 160.50.  On April 18, 1997, shortly after the court martial charges were filed against Petitioner by the military, the state court charges against Petitioner were dismissed.  The Jefferson County District Attorney apparently consented to the dismissal with the

understanding that the prosecution of Petitioner would be deferred to the United States Army.

Section 160.50 of the New York Criminal Procedure Law provides for the sealing of the records of a criminal prosecution when the prosecution is favorably terminated in favor of the accused. In this case, the record of Petitioner's state court prosecution was sealed by order of the Honorable James C. Harberson, City of Watertown Judge. Petitioner asserts that the prosecution in the court martial proceedings improperly used the state court record in violation of the sealing order.

However, this argument was also presented and rejected by the military courts. (Attachments 15, 25, 30, 36). As such, because the issue was briefed and argued before the military courts, it has been given fair consideration as a matter of law, even though the issue was summarily denied by the military. See Romey, 9 F. Supp. 2d at 569; Jordan, 1998 WL 614694, at * 2 ("Therefore, when 'full and fair consideration' has been given by a military tribunal, the inquiry is at an end and the petition should be denied."); Hill v. United States Probation Office, No. 5:01-HC-807-BR, 2003 WL 24085263, at *2 (E.D.N.C. Mar. 10, 2003) ("Thus, unless the military court failed to consider an issue properly presented to it, federal district courts should not conduct a review. If an issue is briefed and argued before a military board of review, it has been given fair consideration.").

Moreover, Petitioner's claim appears to be primarily based upon an alleged violation of a right arising under state law. Claims based purely on state law are not cognizable on habeas review. See Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Van Stuyvesant v. Conway, No. 03 Civ. 3856,

2007 WL 2584775, at *26 (S.D.N.Y. Sep. 7, 2007) ("[D]espite Petitioner's efforts to frame these claims in constitutional terms, they are, at bottom, state law claims that are not cognizable on habeas review."); Greene v. Brown, No. 06 Civ. 5532, 2007 WL 1589449, at *5 (S.D.N.Y. June 4, 2007) ("Errors of state law are not subject to federal habeas review."). Lastly, it is not clear what evidence the prosecution allegedly used in violation of the sealing order or how the use of such evidence was even arguably unfairly prejudicial to Petitioner. For these reasons, this Court finds that Petitioner is not entitled to habeas relief on this basis.

### 4. Ineffective Assistance of Counsel

The fourth and final ground asserted in support of the Petition is the claim that Petitioner's trial counsel was unconstitutionally ineffective. Specifically, Petitioner alleges that his counsel failed to conduct an adequate investigation regarding the source of certain evidence, the validity of witness testimony, and failed to address alleged violations of a state court sealing order.

As with the other grounds asserted by Petitioner, this claim was argued and briefed to the military courts. (Attachments 6, 15, 17, 25, 26). The United States Army Court of Criminal Appeals carefully considered the claim, applied the two-pronged test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and rejected Petitioner's ineffective assistance of counsel claim. (Attachment 30). The ACCA's decision was in turn affirmed by the CAAF. (Attachment 36). Accordingly, because this issue was given full and fair consideration by the military courts, habeas relief is not available. See Romey, 9 F. Supp. 2d at 569; Jordan, 1998 WL 614694, at * 2; Hill, 2003 WL 24085263, at *2.

In this regard, it must be noted, as discussed above, "unless the military court failed to consider an issue properly presented to it, federal district courts should not conduct a review." Hill, 2003 WL 24085263, at *2 (citing Watson v. McCotter, 782 F.2d 143, 144 (10 Cir.1986)).  Where, as in the present case, the record indicates that the issues in question were briefed and considered by the military courts, this Court "has no authority to reach the merits of Petitioner's claims." Id.; see also Romey, 9 F. Supp. at 569 (expressing concern about possible Sixth Amendment issues, but concluding that habeas court had "no authority to reach the merits" because issue had been briefed and argued to military courts).

Moreover, even if this Court had the authority to reach the merits, which it does not, Petitioner's conclusory assertions of ineffective assistance would be insufficient to satisfy either prong of the Strickland standard, particularly given the strength of the prosecution's case.  See McPherson v. Greiner, No. 02 Civ.2726 DLC AJP, 2003 WL 22405449, *25 (S.D.N.Y. Oct. 23, 2003) ("[Petitioner]'s claims that trial counsel was ineffective for failing to investigate are conclusory and give no indication as to what exculpatory evidence a proper investigation would have revealed, or how such evidence would have benefitted [petitioner]'s case.") (citing Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir.1990) ("To affirmatively prove prejudice [from counsel's failure to investigate], a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial.  Moreover, if potential trial witnesses are not called to testify at a post conviction review hearing, the petitioner ordinarily should explain their absence and 'demonstrate, with some precision, the content of the testimony they would have given at trial.'"); see also Parnes v. United States, 94 Civ. 6203, 91 CR 152, 91 CR 165, 1995 WL 758805, at *3 (S.D.N.Y.Dec.21, 1995) (holding, in a 28 U.S.C. § 2225,

case that "vague allegations d[id] not permit the Court to conclude that the alleged errors of Petitioner's counsel fell below 'prevailing professional norms' ... and "[a]ccordingly ... Petitioner's claim that he received ineffective assistance of counsel" was rejected on that basis); Hartley v. Senkowski, No. CV-90-395, 1992 WL 58766, at *2 (E.D.N.Y. Mar. 18, 1992) ("In light of th[e] demanding [ Strickland ] standard [for demonstrating ineffectiveness], petitioner's vague and conclusory allegations that counsel did not prepare for trial or object to errors carry very little weight."); Matura v. United States, 875 F.Supp. 235, 237-38 (S.D.N.Y.1995) (holding, in a 28 U.S.C. § 2255 case, that mere conclusory allegations that counsel was ineffective failed "to establish that his counsel's performance was deficient [and] ... fail[ed] to overcome the presumption [under Strickland ] that counsel acted reasonably....").

As such, for the foregoing reasons, Petitioner's ineffective assistance of counsel claim should be DENIED.

### IV. CONCLUSION

For the reasons stated above, the Court recommends Eric Sharp's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

                                              Respectfully submitted,

DATED:   November 9, 2007

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

### V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule

72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

November 9, 2007

_____
Victor E. Bianchini
United States Magistrate Judge